United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-30240
SUMMARY CALENDAR

———————————————

RONALD DAVIS

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

————————————————————————————————————————————

On Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans Division
(01-CV-177-N)

————————————————————————————————————————————

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

    In this appeal we review the district court's decision to grant the motion for summary

judgment filed by Defendant-Appellee, the United States of America, in the Federal Tort Claims

Act suit by Plaintiff-Appellant, Ronald Davis (hereinafter, "Davis"). For the following reasons,

we affirm the district court's decision.

———————————————

    [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Davis was employed by Fleet Tire Service (hereinafter, "Fleet") as a tire service and repair man. He was injured while replacing tires on a Navy truck at the Naval Air Station, Joint Reserve Base in Belle Chase, Louisiana. Davis's work was to be performed pursuant to a contract between Fleet and the Navy.

After inspecting the truck on which the work was to be done, Davis advised a Navy service manager that one of the tires was on a defective rim and could not be replaced. The Navy service manager informed Davis that the Navy would not buy a new rim because the truck was being sold. After consulting with his supervisor at Fleet, Davis attempted to install a tire on the defective rim and was injured when the rim broke and hit him in the head.

The United States filed a motion for summary judgment, claiming that, under Louisiana tort law, the Navy service manager did not breach any duty owed to Davis. Davis argued that there are genuine issues of material fact concerning the extent of the Navy service manager's knowledge of the danger inherent in the situation and the government's control over the decision to install the tire on the defective rim. The district court granted the United States' motion, finding that the Navy service manager had not acted negligently toward Davis.

## II.

## STANDARD OF REVIEW

We review an appeal from summary judgment *de novo*, examining the evidence in the light most favorable to the nonmovant. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272, 276 (5th Cir. 1992). Summary judgment is proper when there is no genuine issue as to any material fact

and the moving party is entitled to a judgment as a matter of law. *Amburgey v. Cohart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. P. 56(c). Merely alleging a factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

III.

NEGLIGENCE

Davis claims the Navy service manager was negligent by refusing to purchase a new tire rim and by authorizing the dangerous installation technique by which Davis was injured. The United States contends that Davis's supervisor at Fleet, Frank LaBarre, made the decision that Davis should attempt to install the tire on the defective rim after conferring with Davis, who told LaBarre that the task could be accomplished. The United States also denies that the Navy service manager had a duty to purchase a new tire rim.

The United States has waived its sovereign immunity for the negligent acts of its employees, provided they were acting within the scope of their office or employment. 28 U.S.C. § 1346(b); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995). When a government employee's actions are within the scope of their employment, the United States' tort liability is determined by the laws of the state in which the act occurred. 28 U.S.C. § 2674; *Skipper v. United States*, 1 F.3d 349, 352 (5th Cir. 1993).

In Louisiana, a principal is generally not liable for the tortious acts committed by an independent contractor while the contractor is performing their contractual tasks. *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 549 (5th Cir. 1987); *Hawkins v. Evans Cooperage Co.*, 766 F.2d 904, 906 (5th Cir. 1985). One exception to this general rule is that a principal may be liable

-3-

for the negligent acts of an independent contractor when the principal exercises control over the independent contractor. *Ainsworth*, 829 F.2d at 550. While Davis claims that the Navy service manager exercised control over the changing of the tire and authorized Davis's use of an unsafe procedure to install a tire on the defective tire rim, the record clearly indicates otherwise. Even if the Navy service manager was aware that Davis was using an unsafe procedure to install the tire, Louisiana does not impose a duty on a principal to intercede in an independent contractor's decision of how to perform their work. *Id* at 551.

When Davis informed the Navy service manager that the tire rim was defective and the manager refused to buy a new tire rim, Davis called his supervisor at Fleet, LaBarre. Davis told LaBarre that he thought he could successfully install the tire, despite the defective rim, using three pairs of pliers. It was LaBarre who instructed Davis to use a dangerous procedure to install the tire. The Navy service manager was not present when Davis attempted the procedure and there is no evidence that he even knew Davis was attempting to install the tire on the defective rim. The Navy service manager had no actual or implicit control over Davis. Thus, the United States cannot be held liable for Davis's actions.

IV.

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

-4-